DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **BERNADETTE ABRAHAM-SOLDIEW,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HESS CORPORATION and HESS OIL** )<br>**VIRGIN ISLANDS OIL CORP.,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2021-0191 |

**Attorneys:**
**J. Russell B. Pate, Esq.,**
St. Thomas, U.S.V.I.
**Charles Jacob Gower, Esq.,**
**Korey A. Nelson, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
Dallas, TX
    *For Plaintiff*

**Carl A. Beckstedt, III, Esq.,**
**Michael A. Rogers, Esq.,**
St. Croix, U.S.V.I.
**Carolyn F. O'Connor, Esq.,**
**Joseph T. Hanlon, Esq.,**
Florham Park, NJ
    *For Defendants Hess Corporation and*
     *Hess Oil Virgin Islands Corp.*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the parties' "Stipulation of Partial Stay Pending Resolution of Plaintiff's Motion to Remand" ("Stipulation") filed in *McNamara v. Hess Corporation, et al.*, Civil Action No. 2020-0060, Dkt. No. 102.

In their Stipulation, the parties provided notice to the Court of their agreement that *McNamara* would serve as the lead action for 32 similar actions—including this action—which

present the issue of whether Hess Oil New York Corp. ("HONYC") was collusively joined, thereby depriving this Court of subject matter jurisdiction. *Id*. The parties also requested that the Court stay discovery, with two exceptions, in *McNamara* and the other actions until a ruling is issued on Plaintiff's Motion to Remand in *McNamara*, in which the collusive joinder issue is raised. *Id*. The Magistrate Judge accepted the parties' Stipulation. *Id.*, Dkt. No. 103.

The Court has now ruled on the Motion to Remand in *McNamara*, finding that the Court lacks subject matter jurisdiction because HONYC was collusively joined. *Id.*, Dkt. Nos. 122, 123. The Court finds that this action presents analogous facts and circumstances to those in *McNamara*. Accordingly, for same reasons discussed in *McNamara*, the Court finds that it lacks subject matter jurisdiction in the instant action and will remand this matter to the Superior Court of the Virgin Islands.

**UPON CONSIDERATION** of the foregoing, and for the reasons set forth in the Court's Memorandum Opinion entered in *McNamara v. Hess Corporation*, *et al.*, Civil Action No. 2020-0060 (D.V.I. December 12, 2022) (Dkt. No. 123), it is hereby

**ORDERED** that the Clerk of Court is directed to **REMAND** the above-captioned matter to the Superior Court of the Virgin Islands; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED.**

Date: December 12, 2022                    _____/s/_____
                                            WILMA A. LEWIS
                                            District Judge